# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FILED

01 OCT 25 AM 9: 04

LOUIE ARCHULETA,

Plaintiff,

vs.

**CIVIL NO. 98-449 LH/DJS**

FLOYD MARSHALL, ESTHER CADENA, JAMES
MULHERON, ANTHONY DELGADO, and
RUBEN ARCHULETA,

Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.      This is an *in forma pauperis* civil rights action brought pursuant to 42 U.S.C. §1983

and 28 U.S.C. §1915. Plaintiff contends that his Eighth Amendment right to be free from cruel and

unusual punishment was violated because Defendants beat him without provocation. This action was

originally filed by Plaintiff appearing *pro se* in April, 1998. On September 29, 1999, this Court

entered Proposed Findings and a Recommended Disposition (Docket No. 32) recommending that

Defendants' Motion for Summary Judgment (Docket No. 17) be granted and the matter dismissed

with prejudice. The District Court adopted the findings and dismissed the complaint with prejudice.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and
recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to
such proposed findings and recommendations. A party must file any objections within the ten-
day period allowed if that party wants to have appellate review of the proposed findings and
recommendations. If no objections are filed, no appellate review will be allowed.

49

Plaintiff appealed that dismissal, resulting in remand from the 10th Circuit Court of Appeals overturning the dismissal of his Eighth Amendment excessive force claim. On August 22, 2000, Defendants renewed their motion for summary judgment. Plaintiff obtained counsel in the interim and counsel filed a response to the renewed motion. Defendants' reply in favor of the motion was filed on September 22, 2000.

2. With regard to the facts of the case, Petitioner was incarcerated in the Southern New Mexico Correctional Facility when the events leading to the filing of the complaint occurred. Plaintiff alleges that on January 20, 1998, Defendants Cadena and Marshall attacked and struck him with brooms, hurting his right hand and smashing a fingernail on his left hand. Plaintiff further alleges that those Defendants, along with Defendant Mulheron, struck him further once he was handcuffed, resulting in heavy bleeding and requiring that he be provided medical care. Plaintiff alleges that a second incident occurred on March 4, 1998 wherein Defendants Delgado and Archuleta spontaneously knocked him down, kicking, striking and stomping on him. Plaintiff asserts that this second attack caused back injuries, re-ruptured a hernia, dislocated his left shoulder and damaged his right hand and thumb. Defendants contend that Plaintiff was merely extracted from his cell and restrained after causing disturbances and throwing water from the toilet in his cell at various jail guards.

3. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard that formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The Haines rule means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). For a claim based on the use of excessive force by jail guards, the inquiry turns on "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). The extent of any injury is relevant, but minor injury does not preclude an action for excessive force. Id. at 9-11. However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." Id. at 10.

4. Defendants urge that their motion for summary judgment be reconsidered by the Corut and granted. Plaintiff's response to the motion was made pursuant to Fed.R.Civ.P. 56(f) and included an affidavit by his counsel regarding the discovery necessary for counsel to respond to the renewed motion. Defendants argue that Plaintiff should be held to his original *pro se* response to the motion for summary judgment. Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering summary judgment, this Court is required to liberally construe the *pro se* Plaintiff's pleadings and presume that all of his well-pleaded factual allegations are true, viewing them in the light most favorable to him. Lucero v. Gunter, 17 F.3d 1347, 1349 (10th Cir. 1994)(citations omitted).

5. Defendants submitted affidavits in support of their original motion for summary judgment regarding incidents which occurred between them and Plaintiff on January 20, 1998 and March 4,

3

1998. Defendants' Motion for Summary Judgment, Exhibit A, B, C, G, and H. Per the guards' affidavits, both incidents involved Plaintiff throwing water at one or more of them from the toilet in his cell. Id. In both instances, Plaintiff was handcuffed and taken to another area for a period of time. Id. On December 7, 1999, Plaintiff filed a "Motion the Court to Proceed with the Martinez Report and Judicial Processing of the Claims for Relief Requested in the Plaintiff's Civil Rights Complaint". In that pleading, Plaintiff, appearing *pro se,* responded to Defendants' Motion for Summary Judgment. Plaintiff asserts that the medical records appended to the Motion for Summary Judgment support his claims of injuries. In addition, he attached as exhibits to his motion a number of grievances he submitted regarding the alleged incidents, all of which were denied by prison authorities. Plaintiff asserts that there are contested material facts at issue.

6. The Court does not believe that Plaintiff should be held to his *pro se* response to the motion for summary judgment. Cf. Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir. 1985) (holding pro se plaintiff should have been granted continuance to remedy his defective summary judgment materials by submitting affidavits or verifying his complaint). However, the allegations in the complaint and the *pro se* response to the motion establish contested material facts regarding the genesis and course of the altercation that resulted in Plaintiff's injury. Because the essential inquiry at the summary judgment stage is whether a reasonable jury could return a verdict for the nonmovant on the evidence presented, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986), Plaintiff's verified allegations in the complaint, which are based upon his personal knowledge, preclude summary judgment on Defendants' renewed motion. Consequently, discovery is not necessary to enable Plaintiff's counsel to respond to the renewed motion for summary judgment, as that motion should be denied.

## RECOMMENDED DISPOSITION

That Defendants' renewed motion for summary judgment be denied. Further, that this matter proceed to discovery and, if necessary, trial on the merits of Plaintiff's Eighth Amendment claim that Defendants used excessive force against him.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE